IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRYAN SAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00602-SH |
| | ) |
| (1) JOHNSON MATTHEY, INC., d/b/a | ) Removed from Tulsa County |
| TRACERCO, a foreign corporation, | ) Case No. CJ-2024-4271 |
| (2) THE UNIVERSITY OF TULSA, a not-for- | ) |
| profit Oklahoma Corporation, | ) |
| (3) CHEVRON USA, INC., a foreign corporation | ) |
| (4) CHASE ENVIRONMENTAL GROUP, INC. | ) |
| a foreign corporation, | ) |
| (5) CHINA INSTITUTE OF ATOMIC ENERGY | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, Defendant Johnson Matthey Inc., d/b/a Tracerco ("Tracerco") removes the above-captioned action from the District Court for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. This case is removable based upon federal court jurisdiction founded upon a federal question under 28 U.S.C. § 1331. In support of this Notice of Removal, Tracerco shows this Court as follows:

1.     Plaintiff filed a civil action in Tulsa County on November 12, 2024, for damages allegedly caused by testing of Cesium 137, a radioactive substance, conducted during the week of October 13 through 17, 2014, at the University of Tulsa's North Campus in Tulsa County, Oklahoma. [Petition at ¶¶ 7, 8, Exhibit 1.]

2.     Plaintiff alleges that he was diagnosed with Radiation-Associated Synovial Sarcoma, which "is a rare cancer that develops in soft tissue as a result of exposure to radiation."

[*Id*. at ¶ 18.] He has further alleged he has "suffered subcellular damage as a result of exposure to radiation," which led to the Sarcoma diagnosis. [*Id*. at ¶ 46.]

3. Plaintiff seeks damages "in excess of $2,000,000 for actual, compensatory and punitive damages as well as his litigation related costs and attorney fees incurred in pursuing this matter and all other relief this Court deems just and proper." [*Id*. at Wherefore Paragraph.]

4. Removal jurisdiction exists pursuant to 28 U.S.C. § 1441(a) on the ground that this is a civil action over which this Court has original jurisdiction as Plaintiffs' Petition presents a federal question arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331 and the Price-Anderson Act, 42 U.S.C. § 2011; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (federal question jurisdiction under § 1331 exists when a plaintiff pleads "a cause of action created by federal law" or a "state law claim[ ] that implicate[s] significant federal issues.").

5. Pursuant to 28 U.S.C. §1331 and the Price-Anderson Act, 42 U.S.C. § 2011 et seq.:

   a. This is a "public liability action" which arises out of an alleged "nuclear incident" over which this Court has original jurisdiction under the Atomic Energy Act of 1954, 42 U.S.C. § 2011, et seq., as amended by the Price-Anderson Act, 42 U.S.C. § 2210, et seq.

   b. A "public liability" action is an action in which "any legal liability arising out of or resulting from a nuclear incident" is claimed. 42 U.S.C. § 2014(w) and (hh). 42 U.S.C. § 2014(w) further states: "The term 'public liability' means any legal liability arising out of or resulting from a nuclear incident ... ," except for circumstances and incidents not at issue here. 42 U.S.C. § 2014(w) provides that the term "public liability action," as used in 28 U.S.C. § 2210, "means any

suit asserting public liability."

c.  42 U.S.C. §2014(q) defines a "nuclear incident" as:

> "any occurrence ... within the United States causing ... bodily injury, sickness, disease or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material. . . .

d.  42 U.S.C. § 2014(z) defines "source material" as (1) uranium, thorium, or any other material which is determined by the Commission pursuant to the provisions of section 2091 of this title to be source material; or (2) ores containing one or more of the foregoing materials, in such concentration as the Commission may by regulation determine from time to time."

e.  42 U.S.C. § 2014(e) defines "byproduct material" to include "any radioactive material (except special nuclear material) yielded in or made radioactive by exposure to the radiation incident to the process of producing or utilizing special nuclear material" or "the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content."

f.  42 U.S.C. § 2014(aa) defines "special nuclear material" to include "uranium enriched in the isotope 233 or in the isotope 235, and any other material which the Commission ... dete1mines to be special nuclear material, but does not include source material; or (2) any material artificially enriched by any of the foregoing, but does not include source material."

g.  A claim for damages allegedly caused by exposure to Cesium 137 falls within the scope of the Price-Anderson Act. *Dumontier v. Schlumberger Tech. Corp.*,

3

543 F.3d 567, 569 (9th Cir. 2008) (recognizing that Cesium 137 is a "Source, special nuclear, or byproduct material), *cert. denied*, 555 U.S. 1172 (2009); *Controneo v. Shaw Environment & Infrastructure, Inc.*, 639 F.3d 186 (5th Cir. 2011) (bodily injury claims arising out of alleged exposure to Cesium 137 fall under purview of Price-Anderson Act).

6. As amended by the Price-Anderson Act, the Atomic Energy Act of 1954 vests the United States District Court in the district in which the alleged nuclear incident took place with original jurisdiction, and provides for the removal of any public liability action pending in any state court directly to that District Court. Section 2210(n)(2) of the Act provides:

> With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy. Upon motion of the defendant ... any such action pending in any State court . . . or United States district court shall be removed or transferred to the United States district court having venue under this subsection....

42 U.S.C. § 2210(n)(2) (emphasis added).

7. Any suit asserting public liability arising out of a nuclear incident "is 'deemed to be an action arising under' federal law: not only may plaintiffs file their complaints in federal court, but defendants may remove any qualifying suit from state court, too." *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1095 (10th Cir. 2015) (quoting 42 U.S.C. § 2014(hh)).

8. This Court has original jurisdiction of this "public liability action" in which Plaintiffs allege the legal liability of a defendant for personal injuries and property damage arising out of Plaintiffs' exposure to radioactive source, special nuclear, or byproduct material in Tulsa County, Oklahoma. See 42 U.S.C. § 2210(n)(2); *Estate of Water ex rel. Boyer v. Hospital of the Univ. of Pennsylvania*, 73 F. Supp. 3d 519 (E.D. Pa. 2014) (denying motion to remand action

removed to federal court based on federal question under the Price-Anderson Act because it involved personal injuries arising out of exposure to Cesium 137); *see also Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1202 (N.D. Okla. 2004) ("a state claim could be removed to federal court ... 'when Congress expressly so provides, such as in the Price-Anderson Act '") (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2210(n)(2).

10. The United States District Court for the Northern District of Oklahoma is the appropriate Court for filing a notice of removal from the Oklahoma District Court in Tulsa County, State of Oklahoma, because this Court is in the district embracing the place where Plaintiff's action was originally filed. 28 U.S.C. § 116(a).

11. This removal is timely because Tracerco is removing the action before 30 days of service on those Defendants who have been served. 28 U.S.C. § 1446(b)(l). Tracerco was the first served defendant, on November 21, 2024, making removal timely.

12. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served Defendants join and consent to the removal of this action as indicated by their signing below. The Defendants listed herein expressly reserve, and do not waive, all available defenses.

13. Furthermore, consent of nominal or unknown defendants, like John Doe defendants, is not necessary. *Barham v. Toney*, No. CIV-14 388-JHP, 2015 WL 4897960, at *3 (E.D. Okla. Aug. 17, 2015) (nominal party was not required to join removal under 28 U.S.C. § 1446(b)(2)(A)); *Branch Banking & Trust Co. v. Bixby Investors, L.P.*, No. 11-CV-0358-CVE-TLW, 2011 WL 4348212, at *2, *5 (N.D. Okla. Sept. 16, 2011) (nominal defendant not required to join in removal of action).

14. Pursuant to 28 U.S.C. § 1446(a) and LCvR81.2, copies of all documents filed or served in the state court action and a copy of the docket sheet for the state court action are attached. *See* Exhibits 1 through 3.

15. Pursuant to LCvR81.2, Tracerco files herewith a Status Report on Removed Action on the form provided by the Clerk.

16. As required by 28 U.S.C. § 1446(d), Tracerco will promptly give written notice to all adverse parties by serving copies on Plaintiffs' counsel, and Tracerco will file a copy of this Notice of Removal with the Clerk of the Oklahoma District Court in Tulsa County, State of Oklahoma.

**WHEREFORE**, Defendant Johnson Matthey Inc., d/b/a Tracerco, requests that this Notice of Removal be accepted by this Court and this lawsuit proceed as an action properly removed to this Court's jurisdiction.

DATED:   December 11, 2024

        **DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: s/*Michael S. Linscott*
Michael S. Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
Telephone 918.591.5288
Facsimile 918.925.5288
Email:  mlinscott@dsda.com
***Attorneys for Johnson Matthey Inc., d/b/a Tracerco***

WRITTEN CONSENT OF OTHER SERVED DEFENDANTS:

Consent to removal on behalf of:
***Chase Environmental Group, Inc.***

*s/Robert Betts*
Robert Betts, OBA No. 21601
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP**
Post Office Box 26350
Oklahoma City, Oklahoma 73126-0350
(405) 235-1611 – *Telephone*
(405) 235-2904 – *Facsimile*
rbetts@piercecouch.com

-and-

Mark E. Hardin, OBA No. 15297
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP**
Post Office Box 239
Tulsa, Oklahoma 74101
Tel. (918) 583-8100
Fax (918) 583-8017
E-mail: mhardin@piercecouch.com

Consent to removal on behalf of:
***Chevron USA, Inc.***

*s/Mary Quinn Cooper*
Mary Quinn Cooper, OBA No. 11966
**MCAFEE & TAFT, PC**
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
(918) 587-0000 – *Telephone*
(918) 599-9317 – *Facsimile*
maryquinncooper@mcafeetaft.com

-and-

Mary Rose Alexander (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
(312) 876-7700 – *Telephone*
(312) 993-9767  – *Facsimile*
Mary.rose.alexander@lw.com


Consent to removal on behalf of:
*The University of Tulsa*


*s/Ryan A. Ray*
Ryan A Ray, OBA No. 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Ave
Tulsa, Oklahoma 74103
(918) 583-7571 – *Telephone*
(918) 584-7846 – *Facsimile*
RRay@nwlawok.com


## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Charles C McCaskey      charles@creekcountylaw.com

G. Gene Thompson      gene@creekcountylaw.com, gthompsonlaw@gmail.com


*s/Michael S. Linscott*