# EXHIBIT 2



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

NOV 1 2 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| BRYAN SAMS,<br>    Plaintiff,<br><br>vs.<br><br>JOHNSON MATTHEY, INC., d/b/a<br>TRACERCO, a foreign corporation,<br>THE UNIVERSITY OF TULSA, a not-for-<br>profit, Oklahoma Corporation,<br>CHEVRON USA, INC., a foreign corporation<br>CHASE ENVIRONMENTAL GROUP, INC.<br>a foreign corporation,<br>CHINA INSTITUTE OF ATOMIC ENERGYm<br>a foreign corporation,<br>    Defendants. | CJ-2024-4271<br><br>Hon. Judge Caroline E. Wall<br><br>Jury Trial Demanded<br><br><br>Attorney Lien Claimed |

## PETITION

**COMES NOW**, Plaintiff, Bryan Sams, by and through his attorneys of record, G. Gene Thompson, Esq., Keri D. Palacios, Esq. Rachel L. Farrar, Esq., and Charles C. McCaskey, Esq., of CREEK COUNTY LAW, PLLC, hereby Petition this Court for his cause of action against the Defendants that includes the Negligent and Ultra Hazardous Activity. In support of the same, the Plaintiff states the following, to-wit;

### The Parties, Jurisdiction, and Venue

1. The Plaintiff, Bryan Sams, is a resident of Creek County, Oklahoma.

2. Upon information and belief, Johnson Matthey Inc., d/b/a Tracerco ("Tracerco") is a Pennsylvania corporation and wholly owned subsidiary of Johnson Matthey PLC. Johnson Matthey PLC ("JM") is a public limited company incorporated in the United Kingdom with its principal place of business at 5th Floor 25 Farringdon Street, London EC4A 4AB, United Kingdom. Tracerco is headquartered in Pasadena, Texas. Tracerco has sufficient contacts with the State of Oklahoma and the events complained of herein occurred within the State of Oklahoma

State of Oklahoma and the events complained of herein occurred within the State of Oklahoma making Jurisdiction and Venue proper in this honorable court.

3. The University of Tulsa is an Oklahoma not-for-profit educational corporation (a private university) located in Tulsa, Oklahoma.

4. Upon information and belief, Chevron Corporation is a foreign corporation with operations and sufficient minimum contacts within the State of Oklahoma.

5. Upon information and belief, Chase Environmental Group, Inc. is a foreign corporation with operations and sufficient minimum contacts within the State of Oklahoma.

6. Upon information and belief, China Institute of Atomic Energy is a foreign corporation with operations and sufficient minimum contacts within the State of Oklahoma.

### Facts

7. During the week of October 13th to 17th 2014, Tracerco performed tests at the University of Tulsa's North Campus in Tulsa County, Oklahoma.

8. These tests involved the use of Cesium 137, which is a highly dangerous and radioactive substance.

9. Tracerco used a specialized container which housed the highly radioactive Cesium 137 during the tests.

10. These tests were conducted at the request of Chevron Corporation. Chevron Corporation was present during these tests involving the radioactive Cesium 137.

11. These tests involving the use of highly radioactive Cesium 137 were inherently dangerous.

12. During the tests, radioactive Cesium 137 was spilled. The spilled Cesium 137 contaminated various locations on the North Campus and the surrounding neighborhood.

13. After the spill, Chase Environmental was contracted to remediate the contaminated areas on and around the North Campus.

14. On information and belief China Institute of Atomic Energy designed and manufactured the container used by Tracerco during the tests which held the radioactive Cesium 137.

15. On information and belief John Doe Nos. 1 and 2 also manufactured the container used by Tracerco during the tests and also distributed the container to Tracerco.

16. The Plaintiff herein was employed at the University of Tulsa at the North Campus at all relevant times herein and was in the primary zone of exposure to the released radiation.

17. This Plaintiff brings his claims against University of Tulsa pursuant to the case of *Parret v. Unico Service*, 2005 OK 154 and its progeny and alleges that the University of Tulsa acted, and failed to act, with the knowledge that injury was substantially certain to occur. Specifically, the University of Tulsa had been put on Notice numerous times by the Oklahoma Department of Environmental Quality that there were deficiencies in its radioactive program. The Oklahoma DEQ repeatedly cited the University of Tulsa for its lack of oversight, poor management and improper documentation of the radioactive program. The Oklahoma DEQ even included specific warnings to the University of Tulsa of the severe and grave consequences that would occur if the deficiencies were not corrected. Despite these numerous and specific warnings and citations from the Oklahoma DEQ, the University of Tulsa failed to correct its deficiencies knowing that injury to its employees was a substantial certainty.

18. Plaintiff did not have any indication of injury from the radiation exposure until diagnosed with Radiation-Associated Synovial Sarcoma on January 7, 2024. Synovial Sarcoma is a rare cancer that develops in soft tissue as a result of exposure to radiation.

## CLAIMS AGAINST THESE DEFENDANTS

### Claim 1: Negligence/Negligence Per Se

19. **Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1-18 above and incorporates the same by reference herein.**

20. Plaintiff alleges that Tracerco was negligent, grossly negligent, reckless and wanton in its handling of the radioactive Cesium 137 during the pertinent time period.

21. Tracerco failed to take adequate safety precautions to prevent the spill of the radioactive Cesium 137.

22. Tracerco also failed to warn the University of Tulsa, its employees, and the surrounding residents of the spill of radioactive Cesium 137.

23. Further, Tracerco attempted to cover up the spill of the radioactive Cesium 137 which delayed the discovery of the spill and contamination.

24. Indeed, Tracerco knew or should have known of the spill of radioactive Cesium 137 not long after the spill occurred in October 2014. However, did not inform anyone of the spill of radioactive Cesium 137 until August 2015.

25. Further, even after Tracerco knew that the container with the Cesium 137 was defective and/or damaged, Tracerco continued to use the container causing further damage and injuries.

26. These and other actions by Tracerco are negligent, grossly negligent, wanton and reckless.

27. Plaintiff alleges that the University of Tulsa was negligent, grossly negligent, reckless, and wanton in its oversight, management, and supervision of the testing conducted by Tracerco during the pertinent time period.

28. The University of Tulsa should have recognized the nature of the testing being conducted and required appropriate safety measures be in place for the use of radioactive Cesium 137.

29. Plaintiff Bryan Sams was an employee of the University of Tulsa during the pertinent time period. The University of Tulsa acted and failed to act, with the knowledge that injury was substantially certain, to occur.

30. Based upon information and belief, the University of Tulsa had been put on Notice numerous times by the Oklahoma Department of Environmental Quality that there were deficiencies in its radioactive program.

31. Based upon information and belief, the Oklahoma DEQ repeatedly cited the University of Tulsa for its lack of oversight, poor management and improper documentation of the radioactive program.

32. Based upon information and belief, the Oklahoma DEQ even included specific warnings to the University of Tulsa of the severe and grave consequences that would occur if the deficiencies were not corrected.

33. Despite these numerous and specific warnings and citations from the Oklahoma DEQ, the University of Tulsa failed to correct its deficiencies knowing that injury to its employees was a substantial certainty.

34. Defendant Chevron Corporation was negligent, grossly negligent, wanton and reckless in its actions. Chevron funded and requested the tests being conducted at the University of Tulsa North Campus by Tracerco.

35. Further Defendant Chevron was present when the spill of the radioactive Cesium 137 occurred.

36. Since the use of the radioactive Cesium 137 is inherently dangerous, Chevron is ultimately responsible for the spill that occurred.

37. Further Chevron is responsible for its own actions in that it was present, monitoring and supervising the testing when the spill occurred.

38. Chevron failed to take adequate safety precautions to prevent the spill, failed to properly supervise and monitor the testing and failed to warn the University of Tulsa and surrounding residents of the spill of radioactive Cesium 137.

39. Defendant Chase Environmental Group was negligent, grossly negligent, wanton and reckless in its actions.

40. Chase was hired to remediate the contamination at the North Campus and the surrounding areas.

41. However, Chase Environmental failed to properly remediate the contaminated areas surrounding the North Campus.

42. This failure to properly remediate caused further injury to the Plaintiffs.

43. Moreover, several of the neighbors to the North Campus approached the employees of Chase Environmental and specifically asked them if a spill of did not contain the proper warnings for users and other that might handle this highly dangerous product.

44. China Institute's actions were negligent, grossly negligent, wanton and reckless.

45. All Defendants' actions caused the severe and grievous injuries suffered by the Plaintiff.

46. The Plaintiff has suffered injuries as a result of the negligent, reckless, wanton and intentional actions of the Defendants. The Plaintiff suffered subcellular damage as a result of exposure to radiation which in turn led to the development of Radiation-Associated Synovial

Sarcoma by the Plaintiff. Further, Plaintiff will require medical monitoring and treatment for the rest of his life. Plaintiff is at an increased risk of contracting further cancers, and of recurrence of the cancer for which he is currently receiving treatment. Plaintiff further has experienced, and is experiencing, emotional distress accompanied by his physical symptoms as a result.

47.     Defendants' actions are of such nature that the Plaintiff is entitled to punitive damages from these Defendants. Defendant Tracerco continued to use the damaged/defective container of radioactive Cesium 137 even after Tracerco knew that it had spilled radioactive Cesium 137. Tracerco also failed to inform anyone of the known spill of radioactive Cesium 137 until August 2015 – many months after Tracerco knew of the spill. Defendant University of Tulsa failed to correct its known deficiencies in its radioactive program despite numerous prior warnings and citations from the Oklahoma DEQ. Defendant University of Tulsa's failures caused it to not detect this spill, not warn and protect its employees and neighbors to the North Campus. Defendant Chevron was ultimately responsible for this inherently dangerous activity but also knew or should have known of the spill at the time it first happened. Defendant Chevron failed to prevent further spills and protect the University of Tulsa employees and neighbors to the North Campus. Defendant China Institute of Atomic Energy and the John Doe Defendants designed, manufactured the defective contained and failed to give adequate warnings. Punitive damages are warranted to deter and prevent radioactive spills like this from occurring and damaging individuals in the future.

### Claim 2: Ultra Hazardous Activity

48.     **Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1-47 above and incorporates the same by reference herein.**

49. Cesium 137 is not commonly used and is typically used in in highly contained areas. The likelihood that the harm that results from the Defendants' activities will be great is based on the fact that the hazardous chemical contamination presents serious health risks, including cancer.

50. The Cesium 137 used by the Defendants readily and rapidly contaminated the area. Because of these characteristics and the serious and known health consequences associated with exposure, Defendant's use of Cesium 137 created a high degree of risk to Plaintiff, who was working at the University of Tulsa at the time.

51. Defendants storage and inadequate abatement and remediation of the Cesium 137 was not appropriate activity or behavior.

52. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages and injuries including pain and suffering.

53. Defendants are directly liable for partaking in these actions.

54. Separate and apart from acting negligently, at all times Defendants' abnormally dangerous activities caused injury and damages to the Plaintiff through acts and omissions actuated by actual malice and/or accompanied by a reckless, wanton and willful disregard of persons who foreseeably might be harmed by such acts or omissions.

## Claim 3: Punitive Damages

55. **Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1-54 above and incorporates the same by reference herein.**

56. Defendants' misconduct was highly profitable.

57. Defendants were aware of the danger created by their improper, and illegal, handling of ultra-hazardous radioactive materials and the depraved nature of their failure to warn potentially affected parties of the released radiation. The Defendants knew, or should have known,

their conduct was excessive and harmful and posed great threat to the health and safety of not only to those in the zone of danger from the released radiation, but the greater community at large.

58. The Defendants' attitude toward the danger created has been cavalier.

59. Defendants have recklessly disregarded the Plaintiff's rights.

60. Defendants have acted intentionally and with malice toward the Plaintiff with regard to their conduct complained of herein.

**WHEREFORE**, the Plaintiff prays and demands that judgment be entered in his favor and against these Defendants in amount in excess of $2,000,000.00 for actual, compensatory and punitive damages as well as his litigation related costs and attorney fees incurred in pursuing this matter and all other relief this Court deems just and proper.

Respectfully submitted,
**CREEK COUNTY LAW, PLLC,**

_____
G. Gene Thompson, OBA No. 31243
Keri D. Palacios, OBA No. 34175
Charles C. McCaskey, OBA No. 34718
Rachel Farrar, Esq., OBA No. 31988
CREEK COUNTY LAW, PLLC
101 E. Lee Ave.
Sapulpa, OK 74066
Telephone: (918) 248.0018
Facsimile: (918) 998.0344
Email: gthompsonlaw@gmail.com
          charles@creekcountylaw.com
**ATTORNEYS FOR PLAINTIFFS**

VERIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF CREEK )

    I, Bryan Sams, of lawful age, being first duly sworn upon his oath, states: That he is the Plaintiff in the above-named case; that he has read the foregoing Petition and understands the same; and facts therein set forth are true and correct.

Subscribed and sworn to before me this 11th day of November, 2024 by Bryan Sams.

_____
Bryan Sams

_____
Notary Public

My Commission Expires:

02-21-27