IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN SAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00602-SH |
| | ) |
| JOHNSON MATTHEY INC., d/b/a | ) Removed from Tulsa County |
| TRACERCO, a foreign corporation, | ) Case No. CJ-2024-4271 |
| THE UNIVERSITY OF TULSA, a not-for- | ) |
| profit Oklahoma Corporation, | ) |
| CHEVRON USA, INC., a foreign corporation | ) |
| CHASE ENVIRONMENTAL GROUP, INC. | ) |
| a foreign corporation, | ) |
| CHINA INSTITUTE OF ATOMIC ENERGY | ) |
| a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Johnson Matthey Inc. d/b/a Tracerco ("Tracerco"), Chevron USA, Inc. ("Chevron"), and Chase Environmental Group, Inc. ("Chase") (collectively "Defendants") hereby move this Court to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The claims in Plaintiff's Petition (Dkt. # 2-2) are legally deficient and fail to present a viable claim against these Defendants under federal law. Plaintiff's state law claims are preempted by the Price-Anderson Act ("PAA"), 42 U.S.C. §§ 2210, *et seq.*, and his Petition lacks the necessary allegations to present a cognizable claim. Due to these deficiencies Plaintiff's claims must be dismissed in their entirety. In support of this motion, these Defendants submit the following brief:

## INTRODUCTION

Plaintiff's Petition was filed in the Tulsa County District Court on November 12, 2024,

alleging personal injury due to radiation exposure from an alleged improper release of radioactive Cesium 137 in October 2014. *See* Dkt. # 2-2. Defendants properly removed the case to this Court on December 11, 2024, under 28 U.S.C. § 1441(a), as the PAA confers exclusive federal jurisdiction over "public liability actions" arising from an alleged "nuclear incident." *See* Dkt. # 2-2. Plaintiff asserts only state claims in his Petition, which are preempted by the PAA. Under federal law, the Plaintiff "can sue under the PAA *or not at all*." *McClurg v. MI Holdings, Inc.*, 933 F. Supp. 2d 1179, 1186 (E.D. Mo. 2013). Therefore, all such state law claims should be dismissed by this Court pursuant to Fed. R. Civ. P. 12(b)(6). Further, even if this Court were to convert Plaintiff's state law claims into PAA claims, Plaintiff's Petition remains deficient. The PAA imposes strict pleading requirements that Plaintiff has failed to meet. Due to these pleading deficiencies, Plaintiff's Complaint should be dismissed in its entirety.

<u>**ARGUMENT AND AUTHORITIES**</u>

    **I.**      **LEGAL STANDARD ON MOTION TO DISMISS.**

A cause of action may be dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) should be granted when it appears "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" stated in the Complaint. *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994). Although a court must accept as true a plaintiff's well-pleaded allegations and must construe them in the light most favorable to the plaintiff, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005). "[T]he tenet that a court must

accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, the trial court must insist that a plaintiff put forward specific, non-conclusory factual allegations to assist the court in determining whether the complaint is plausible and able to survive such a motion to dismiss. *Robbins v. State of Oklahoma,* 519 F.3d 1242, 1249 (10th Cir. 2008).

### II. PLAINTIFF'S STATE LAW CLAIMS ARE GOVERNED BY THE PAA AND MUST BE DISMISSED.

The PAA has a long history evidencing a clear mandate for its consistent application. It was enacted in 1957 as an amendment to the Atomic Energy Act and was further amended in 1975 and 1988. The purpose of the PAA was "to encourage private sector investment in the development of nuclear power by limiting the liability of private owners and operators in the event of a nuclear incident." *Day v. NLO, Inc.,* 3 F.3d 153, 154, n. 1 (6th Cir. 1993). With this purpose in mind, Congress enacted the PAA to ensure "that all claims resulting from a given nuclear incident would be governed by the same law, provided for the coordination of all phases of litigation and the orderly distribution of funds, and assured the preservation of sufficient funds for victims whose injuries may not become manifest until long after the incident." *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1549 (6th Cir. 1997). The PAA governs claims like Plaintiff's here for nuclear incidents and provides for such claims to be litigated in federal court to be "governed by the same law." *Id.*

#### A. *Plaintiff's Claims are Governed by the PAA.*

As explained in Defendants' Notice of Removal (Dkt. # 2), the PAA governs the legal claims set forth in Plaintiff's Petition. The PAA creates a federal cause of action referred to as a "public liability action" for any claims which arise out of a "nuclear incident." 42 U.S.C. § 2011 *et seq.* Under the PAA, a "public liability action" is an action in which "any legal liability arising

3

out of or resulting from a nuclear incident" is claimed. *Id.* § 2014(w) and (hh). A "nuclear incident" is defined as "any occurrence … within the United States causing … bodily injury, sickness, disease or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material []." *Id.* § 2014(q).

Plaintiff's claims—alleging damage from radiation exposure from Cesium 137—fall squarely within the PAA's scope. Multiple circuit courts have confirmed that Cesium 137 is a nuclear product and that exposure to Cesium 137 constitutes a claim under the PAA. *See Dumontier v. Schlumberger Tech. Corp.,* 543 F.3d 567, 569 (9th Cir. 2008); *Controneo v. Shaw Environment & Infrastructure, Inc.,* 639 F.3d 186 (5th Cir. 2011). Therefore, the PAA is applicable and provides the only remedy for Plaintiff's claims (explained *infra*).

### B. Plaintiff's State Law Claims are Preempted by Federal Law under the PAA.

The PAA has exclusive authority over nuclear incident claims or "public liability actions," and preempts the state law claims brought by Plaintiff in his Petition.

> All of the courts to have addressed this issue agree: Price-Anderson completely preempts a plaintiff's state law claims regarding exposure to the identified nuclear materials, recasting those claims as a public liability action under the PAA. However, state law provides the substantive rules of decision for the public liability action, to the extent that state law is not inconsistent with federal law in the area of nuclear regulation. Accordingly, the state common law tort causes of action named in the complaint form the elements of the plaintiff's public liability action, to the extent that the state law is not inconsistent with federal law.

*Taylor v. Interstate Nuclear Services, Inc.,* 1999 WL 35809694, *9 (D.N.M. Apr. 7, 1999) (citing *Building & Const. Dept. v. Rockwell Intern. Corp.,* 7 F.3d 1487 (10th Cir. 1993)). "As a result, the Act, as we have previously recognized, preempts state law claims asserting public liability arising from a nuclear incident. Accordingly, for claims arising from a nuclear incident, a plaintiff

'can sue under the Price-Anderson Act, as amended, or not at all.'" *Matthews v. Centrus Energy Corp.,* 15 F.4th 714, 721 (6th Cir. 2021) (internal citations omitted). State law claims, therefore, are preempted and cannot stand as separate causes of action. *Id.* at 723.

This is supported by the Tenth Circuit's finding in *Cook v. Rockwell Intern. Corp.,* 790 F.3d 1088 (10th Cir. 2015) ("Cook II").[1] **If a nuclear incident is involved, the PAA provides the sole basis for recovery for *any* injury flowing from that incident, "even those that aren't themselves sufficient to trigger a nuclear incident finding."** *Id.*

Plaintiff's Petition involves a nuclear incident by alleging that he has suffered bodily injury and disease after exposure to Cesium 137, "which is a highly dangerous and radioactive substance." Dkt. # 2-2, ¶ 8. Since exposure to Cesium 137 is acknowledged as a nuclear incident pursuant to the PAA and Plaintiff has pled as such, Plaintiff's Petition must be dismissed in its entirety.

### III. EVEN IF THE STATE LAW CLAIMS ARE CONVERTED TO PAA CLAIMS, THE PETITION REMAINS DEFICIENT AND SHOULD BE DISMISSED UNDER THE PAA.

Under a PAA action, state law claims may form the basis of substantive law applied to the extent it is not inconsistent with federal law, but it is not a separate claim. Further, "federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action." *Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1308 (11th Cir. 1998). Thus, a

---

[1] Defendants anticipate that Plaintiff may claim that not all state law claims are preempted, as *Cook II* left open this possibility. However, *Cook II* was limited by facts not found here, specifically that the parties *agreed* that a nuclear incident, as defined by the PAA, could not be proven by the facts or form the basis of a cognizable claim in that case. *See also Matthews,* 15 F.4th at 724-25 (distinguishing *Cook II* by stating that "the plaintiffs accepted after *Cook I* that they could not prove a 'nuclear incident' under the act, a concession the defendants did not dispute…But here, defendants argue that plaintiff's claims do stem from a nuclear incident meaning they are preempted). Like *Matthews,* because Plaintiff's claims arise from a nuclear incident, they are preempted.

pleading that includes state law claims is preempted by the PAA, and such state law claims are converted to PAA claims. In this case, Plaintiff's state law allegations must conform with PAA standards and elements to plead a cognizable claim.

### A. Plaintiff's Petition Fails to Plead Necessary Elements of a PAA Claim.

As established, the PAA preempts state law claims arising from a nuclear incident. Even if the state claims asserted in Plaintiff's Petition are converted to PAA claims,. "federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action." *Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1308 (11th Cir. 1998). Plaintiff must allege sufficient facts to plead the elements of a PAA claim. He has not.

To plead a cognizable claim under the PAA, Plaintiff must allege the following facts: (1) Defendants released radiation into the environment in excess of the levels permitted by federal regulations in effect at the time; (2) Plaintiff was exposed to the radiation in excess of the normal background radiation in the environment; (3) Plaintiff sustained injuries; and (4) radiation was the cause of Plaintiff's injuries. *See In re TMI,* 67 F.3d 1103, 1119 (3rd Cir. 1995). Plaintiff fails to satisfy these pleading requirements.

In particular, Plaintiff has **not** alleged:

- that the supposed radiation exposure was in excess of the levels permitted by federal regulations;
- that Plaintiff was exposed to the radiation in excess of the normal background radiation in the environment.

These omissions are fatal. "[E]very Circuit Court that has [considered the issue], the Third, Sixth, Seventh, Ninth, and Eleventh, have concluded that the maximum permissible radiation dose levels set by federal safety standards establish the duty of care for radiation injuries[]." *McClurg*

*v. MI Holdings, Inc.,* 933 F. Supp. 2d 1179, 1187 (E.D. Mo. 2013); *see also In Re Hanford Nuclear Rsrv. Litig.,* 534 F.3d 986, 1003 (9th Cir. 2008) (stating "that nuclear operators are not liable unless they breach federally-imposed dose limits.").

Plaintiff *must* plead and show exposure above federally regulated limits because, otherwise, "[w]ere a plaintiff only required to plead the presence of a nuclear incident, but never establish one, a 'public liability action' would be completely indistinguishable from whichever state tort claim a particular PAA action incorporates." *Cook v. Rockwell Intern. Corp,* 618 F.3d 1127, 1140 (10th Cir. 2010). Thus, there is "no reason why we should render the statute's nuclear incident requirement superfluous outside of the pleadings stage." *Id.*

Plaintiff's Petition does not contain a *single* allegation that the claimed Cesium 137 radiation exceeded the levels permitted by federal regulations. *See generally* Dkt. 2-2. Nor does he state whether his own exposure exceeded the normal background radiation in the environment. *See generally* Dkt. # 2-2. The "failure to allege in the [Plaintiff's] Complaint that [he] was exposed to radiation in excess of the federal limits is *fatal* to [his] claims" under the PAA. *Moistner v. Aerojet RocketDyne Inc.,* 585 F. Supp. 3d 1233, 1237 (C.D. Cal. 2022) (citing *In re Hanford,* 534 F.3d at 1003) (emphasis added). It is an *essential* element of the pleading. *Id.* Without this information, Plaintiff's Petition must be dismissed under Rule 12(b)(6). *See Moistner,* 585 F. Supp. 3d at 1241 (dismissing Complaint because plaintiff failed to plead allegations regarding levels of radiation exposure); *Roberts,* 146 F.3d at 1308 (dismissing Complaint because Plaintiff failed to allege that defendant "breached its duty of care by exposing [plaintiff] to an amount of radiation in excess of the maximum permissible amount allowed by federal regulation.").

Because Plaintiff's Petition contains no allegations about the levels of Cesium 137 radiation exposure or its relation to maximum permissible amounts allowed by federal regulation,

Plaintiff's Petition is deficient under the PAA and should be dismissed.

### B. Plaintiff's Claims for Emotional Damages and Punitive Damages are not Sustainable under the PAA and Should be Dismissed.

Plaintiff's Petition seeks emotional and punitive damages in relation to the release of the Cesium 137, a nuclear incident. *See* Dkt. # 2-2, ¶¶ 46-47, 55-60. However, the PAA, Plaintiff's exclusive remedy, does not permit recovery for emotional or punitive damages. Accordingly, these claims must be dismissed.

The PAA requires a bodily injury for recovery [42 U.S.C. § 2014(q)], and courts have found that "[p]hysical harm to persons or property is thus a jurisdictional prerequisite." *In re Berg Litig.*, 293 F.3d 1127, 1131 (9th Cir. 2002). The term, "bodily injury," is unambiguous "and does not include recovery for emotional distress." *Id.* Allowing recovery for emotional distress would be inconsistent with the Act's bodily injury requirement. *See id.* The legislative history supports this finding, as Congress aligned the definition of bodily injury under the PAA with the Nuclear Energy Liability Insurance Association, which does not provide coverage for emotional injuries. S. Rep. No. 296, 85th Cong. 1st sess. 1817–18.

The PAA also prohibits punitive damages. The PAA states: "No court may award punitive damages in any action with respect to a nuclear incident []." 42 U.S.C. § 2210(s). Courts have recognized that previous rulings allowing punitive damages under the PAA "w[ere] overruled by the 1988 Amendments to the Price-Anderson Act, which specifically bar punitive damages." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1551, n. 5 (6th Cir. 1997). Thus, the PAA clearly disclaims any recovery for punitive damages for a public liability action like this case.

Because the PAA does not allow for the recovery of emotional or punitive damages, any claims asserting such damages in Plaintiff's Petition should be dismissed.

## **CONCLUSION**

Plaintiff's Petition alleges personal injuries from a nuclear incident, placing it solely under the jurisdiction of the PAA.  The PAA preempts any independent state claims, allowing only a public liability action under federal law. Plaintiff pleads only state law claims.  All are preempted, even if Plaintiff's claims are converted into federal PAA claims. The PAA requires plaintiffs to plead specific radiation exposure levels causing their injuries. Plaintiff has failed to do so.  Without allegations establishing exposure above federally permitted levels and above the normal background radiation in the environment, Plaintiff cannot state a viable claim. Therefore, his claims should be dismissed for failure to state a claim under Rule 12(b)(6).  Further, the PAA expressly disclaims Plaintiff's claims for emotional damages and punitive damages. Thus, any remaining claims for emotional or punitive damages must be dismissed. Based on the above, Plaintiff's Petition must be dismissed.

WHEREFORE, Defendants Johnson Matthey Inc. d/b/a Tracerco, Chevron USA, Inc., and Chase Environmental Group, Inc. hereby respectfully request this Court grant their Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted:

By: s/*Michael S. Linscott*
Michael S. Linscott, OBA No. 17266
**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone 918.591.5288
Facsimile 918.925.5288
Email: mlinscott@dsda.com
and
Kaylee Patricia Davis-Maddy
DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP
210 Park Avenue STE 1200
Oklahoma City, OK 73102
P: (918-591-5242
F: 918-925-5242
kmaddy@dsda.com
***Attorneys for Johnson Matthey Inc. d/b/a Tracerco***

By: *s/Robert Betts*
Robert Betts, OBA No. 21601
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP**
Post Office Box 26350
Oklahoma City, Oklahoma 73126-0350
(405) 235-1611 – *Telephone*
(405) 235-2904 – *Facsimile*
rbetts@piercecouch.com
-and-
Mark E. Hardin, OBA No. 15297
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP**
Post Office Box 239
Tulsa, Oklahoma 74101
Tel. (918) 583-8100
Fax (918) 583-8017
E-mail: mhardin@piercecouch.com
***Attorneys for Chase Environmental Group, Inc.***

By: *s/Mary Quinn Cooper*
Mary Quinn Cooper, OBA No. 11966
**MCAFEE & TAFT, PC**
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
(918) 587-0000 – *Telephone*
(918) 599-9317 – *Facsimile*
maryquinncooper@mcafeetaft.com
-and-
Mary Rose Alexander (*pro hac vice forthcoming*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700 – *Telephone*
(312) 993-9767 – *Facsimile*
Mary.rose.alexander@lw.com
***Attorneys for Chevron USA, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2025, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to those registered participants of the ECF System, including all counsel of record.

                                                  *s/Michael S. Linscott*

8647503.1