# Exhibit 2




**SUBSTITUTE OPINION AFTER REHEARING
THE COURT'S PRIOR OPINION HAVING BEEN WITHDRAWN**

**ORIGINAL**

**NOT FOR OFFICIAL PUBLICATION**

**IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA**

**DIVISION III**

| | |
|---|---|
| JONATHON CRUZ, SCOTT BENDER, KONARK OGRA, BEN BBOSA, JOSEPH NEIL SQUIRE, DEREK LEY, JENNIFER HOLLAND, MARTIN BOLIN, CHRISTI LYNN MCLELLAND, CECIL DOWN, LORI BLEVINS, BRAD CARMACK, LUCY HENSHAW, TAYLOR LINDEN, DANA JILES, CARLOS ADAIR, CHUCK CASH, CHRISTINA STOVALL, TERRY YOUNG, GARRETT ALLEN PIERCE, LINDSEY RAE PIERCE, MOSES THOMPSON, HANA THOMPSON, CASH CJ STEVENSON, KRYSTA LAUREN STEVENSON, MICHAEL ETHRIDGE, ROBERT DARDEN, STEVEN TURPIN, and RONALD SHAW, | FILED COURT OF CIVIL APPEALS STATE OF OKLAHOMA APR 2 2019 JOHN D. HADDEN CLERK |
| Plaintiffs/Appellants, | |
| vs. | Case No. 116,640 (comp. w/117,053) |
| JOHNSON MATTHEY INC., d/b/a TRACERO, a foreign corporation, THE UNIVERSITY OF TULSA, a not-for-profit Oklahoma corporation, CHEVRON USA, INC., a foreign corporation, CHASE ENVIRONMENTAL GROUP, INC., a foreign corporation, and CHINA INSTITUTE OF ATOMIC ENERGY, a foreign corporation, | Rec'd (date) 4-2-19 Posted Mailed Distrib Publish yes ✓ no |
| Defendants/Appellees. | |

**APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA**

**HONORABLE MARY F. FITZGERALD, TRIAL JUDGE**

**AFFIRMED IN PART, REVERSED IN PART
AND REMANDED FOR FURTHER PROCEEDINGS**

| | |
|---|---|
| J. Derek Ingle,<br>BOETTCHER DEVINNEY<br>INGLE & WICKER, PLLC,<br>Tulsa, Oklahoma, | For Plaintiffs/Appellants, |
| Linda C. Martin,<br>Michael J. English,<br>DOERNER, SAUNDERS,<br>DANIEL & ANDERSON, L.L.P.,<br>Tulsa, Oklahoma, | For Defendant/Appellee<br>Johnson Matthey Inc.,<br>d/b/a Tracero, |
| Ryan A. Ray,<br>Barrett L. Powers,<br>NORMAN WOHLGEMUTH CHANDLER<br>JETER BARNETT & RAY, P.C.,<br>Tulsa, Oklahoma, | For Defendant/Appellee<br>The University of Tulsa, |
| Mary Quinn Cooper,<br>Jason A. McVicker,<br>McAFEE & TAFT,<br>Tulsa, Oklahoma, | For Defendant/Appellee<br>Chevron USA, Inc., |
| Mark E. Hardin,<br>PIERCE COUCH HENDRICKSON<br>BAYSINGER & GREEN, L.L.P.,<br>Tulsa, Oklahoma, | For Defendant/Appellee<br>Chase Environmental<br>Group, Inc. |

Opinion by Bay Mitchell, Judge:

¶1     Plaintiffs/Appellants appeal from the trial court's order dismissing their claims arising from exposure to Cesium 137, a radioactive substance, against Defendants/Appellees Johnson Matthey Inc. d/b/a Tracero, The University of Tulsa, Chevron USA, Inc., Chase Environmental Group, Inc., and China Institute of Atomic Energy (collectively, Defendants). We decline to expand existing tort law to recognize subcellular damage as an injury and medical monitoring as a common law remedy. After *de novo* review, we find Plaintiffs have sufficiently stated a claim upon which relief may be granted for negligence, gross negligence, negligent infliction of emotional distress, and nuisance. However, we find Plaintiffs have failed to state a claim for trespass. The order of the trial court is affirmed in part, reversed in part and remanded for further proceedings.

¶2     Plaintiffs originally filed this lawsuit in Tulsa County District Court alleging personal injuries and property damage arising out of spilled Cesium 137, a radioactive substance, on the University of Tulsa North Campus. Plaintiffs are TU employees, their spouses, and neighbors of the campus. Defendant Chevron U.S.A., Inc. removed the case to federal court under the Price-Anderson Nuclear Industries Indemnity Act, 42 U.S.C. §2011 *et seq.*[1] Plaintiffs then filed an Amended Complaint and Motion to

---

[1] Defendants argued that the lawsuit entailed a "public liability action" resulting from a "nuclear incident" within the meaning of the Price-Anderson Act. A "nuclear incident" is defined as:
(continued...)

3

Remand the case back to state court. The federal court determined, because Plaintiffs were no longer alleging bodily injuries or property damage in their Amended Complaint, they failed to state a claim under the Price-Anderson Act and remanded the case to Tulsa County District Court. Defendants filed motions to dismiss the Amended Complaint for negligence, gross negligence, negligent infliction of emotional distress, nuisance, and trespass based on the doctrine of judicial estoppel and Plaintiffs' failure to plead bodily injuries or property damage. After a hearing on the motions, the trial court entered an Order Granting Defendants' Motions to Dismiss. The trial court found the doctrine of judicial estoppel barred the claims and, further, that by not pleading bodily injuries and property damage, Plaintiffs failed to state any legally cognizable claims. Plaintiffs appeal.[2]

¶3    "A trial court's dismissal of an action for failure to state a claim upon which relief can be granted is reviewed *de novo*." *Lockhart v. Loosen*, 1997 OK 103 ¶4, 943 P.2d

---

[1] (...continued)
The term "nuclear incident" means any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material[.]

42 U.S.C.A. §2014(q) (Westlaw through P.L. 115-231, P.L. 115-233 to 115-270, and 115-272 to 115-277). It is undisputed Plaintiffs' original petition alleging "physical injuries including injuries to bodies" and "property damage" alleged a nuclear incident.

[2] While this appeal was pending, the trial court denied Plaintiffs' Motion to Reconsider and Vacate its order granting the motions to dismiss. Plaintiffs appealed from that order in companion case No. 117,053.

4

1074. "The function of a motion to dismiss is to test the law of the claims, not the facts supporting them." *Zaharias v. Gammill*, 1992 OK 149, ¶6, 844 P.2d 137. A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *See id.* The question, on a motion to dismiss, is whether, taking all of plaintiff's allegations as true, he or she is precluded from recovering as a matter of law. *See Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33 ¶43, 987 P.2d 1185. "The appropriate question in testing the sufficiency of the allegations is whether relief is possible under any set of facts that could be established consistent with the allegations." *Boren v. Thompson & Assocs.*, 2000 OK 3 ¶25, 999 P.2d 438.

### JUDICIAL ESTOPPEL

¶4  In the Order Granting Defendants' Motions to Dismiss, the trial court found: "Plaintiffs concede in their Amended Complaint before the [federal court] that they did not suffer bodily injury or property damage. They are now judicially estopped from taking a contrary position in state court." The Oklahoma Supreme Court has explained the doctrine of judicial estoppel:

> Judicial estoppel is an equitable doctrine designed to bar a party who has knowingly and deliberately assumed a particular position from assuming an inconsistent position to the prejudice of the adverse party. The rule applies to inconsistent positions assumed in the course of the same judicial proceeding or in a subsequent proceeding involving identical parties and questions. It applies to prevent advancement of inconsistent

5

> positions only vis-a-vis matters of fact. It does not prevent a party from asserting a legal theory contrary to one advanced earlier in litigation.
>
> The circumstances under which judicial estoppel may appropriately be invoked are not reducible to any general formulation of principle. Judicial estoppel must be applied with restraint and only in the narrowest of circumstances so as to avoid impinging on the truth-seeking function of the court.
>
> . . . .
>
> Judicial estoppel must not only be applied cautiously and with restraint, it must never be applied in a way that impairs the statutory right granted a party in 12 O.S. 1991 §2008(E)(2), to plead and rely on inconsistent facts, theories, claims and defenses.

*Barringer v. Baptist Healthcare of Okla.*, 2001 OK 29, ¶¶13-14, 16, 22 P.3d 695 (citations omitted). "The doctrine applies only to prevent a party from advancing a position inconsistent with a court's determination of a matter of fact made by the court on the basis of that party's assertions." *Bank of the Wichitas v. Ledford*, 2006 OK 73, ¶23, 151 P.3d 103 (footnote omitted). "A party is not barred by judicial estoppel from asserting a position in a subsequent case that is different from an allegation made in a petition filed in a previous case where the previous case is dismissed without granting any relief." *Clark v. Edens*, 2011 OK 28, ¶13, 254 P.3d 672.

¶5   We find Plaintiffs' claims are not barred by the doctrine of judicial estoppel. During the federal proceeding, Plaintiffs took the position they had not sustained bodily injuries or property damage as a result of a nuclear incident within the meaning of the Price-Anderson Act and moved to remand the case to state court. Defendants argued Plaintiffs had amended their complaint for the purpose of "forum manipulation" and

6

requested the federal court exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The federal court granted Plaintiffs' motion to remand. The Opinion and Order remanding the case to state court did not make a determination of a matter of fact, and Plaintiffs were not granted any relief. Rather, the Amended Complaint failed to state a federal law claim under the Price-Anderson Act and the federal court declined to exercise supplemental jurisdiction over the remaining state law claims. Plaintiffs are not prohibited from amending their complaint or petition to pursue alternative legal theories of liability under state law.

## NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

¶6   An action grounded in negligence requires that the plaintiff sustain an injury. The essential elements of negligence are (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury was proximately caused by the defendant's breach. *See Lockhart v. Loosen*, 1997 OK 103, ¶9, 943 P.2d 1074.

¶7   Plaintiffs specifically omit from their Amended Complaint allegations that they have sustained actual bodily injuries or actual damage to their property. In their original petition, Plaintiffs claimed they "suffered injuries as a result of the negligent, reckless, and wanton actions of the Defendants. These injuries consist of physical injuries including injuries to bodies such as thyroid damage, emotional distress

including accompanying physical injuries such as nausea, vomiting, loss of sleep, etc., pain and suffering and for some, property damages." In the Amended Complaint, Plaintiffs alleged they suffered "subcellular damage as a result of exposure to radiation and will require medical monitoring for the rest of their lives. They are at risk of contracting cancer and experience emotional distress accompanied by physical symptoms as a result. Some of the Plaintiffs have experienced radiation contamination of their property."

¶8   Many jurisdictions have recognized that a plaintiff, having been exposed to a toxic substance and/or radiation, may state a cause of action for negligence or other established tort without asserting that he or she has suffered a present physical injury. *See* Allan L. Schwartz, Annotation, *Recovery of Damages for Expense of Medical Monitoring to Detect or Prevent Future Disease or Condition*, 17 A.L.R.5th 327 (1994). Some states recognize medical monitoring as a remedy for an existing tort and others recognize medical monitoring as an independent cause of action. *Id.* Still, some courts have rejected medical monitoring claims, finding a present physical injury is required to recover in tort. *See Sadler v. PacifiCare of Nev. Inc.*, 340 P.3d 1264, 1269 (Nev. 2014) (citing multiple cases).

¶9   Subcellular damage as the result of exposure to radiation has not been recognized as a cognizable injury and the costs of medical monitoring have not been recognized as a remedy by the Oklahoma Constitution, the Oklahoma Legislature, or

8

an Oklahoma court. *See McCormick v. Halliburton Co.*, 895 F.Supp.2d 1152, 1155-59 (W.D.Okla. 2012) (finding a medical monitoring remedy is not available under Oklahoma law and that the Oklahoma Supreme Court would not recognize a medical monitoring remedy in the absence of any guidance from the legislature). We decline to expand existing tort law to recognize subcellular damage as an injury and medical monitoring as a common law remedy.

¶10  Plaintiffs have, however, sufficiently pleaded a different injury and stated a claim for negligence, gross negligence, and negligent infliction of emotional distress. The Oklahoma Supreme Court has clarified that a plaintiff may recover for mental anguish which inflicts physical suffering. *See Ellington v. Coca-Cola Bottling Co. of Tulsa, Inc.*, 1986 OK 11, 717 P.2d 109. In *Ellington*, the plaintiff was drinking a bottle of soda when she perceived a worm in the bottle. *Id.* ¶1. The plaintiff became physically ill, which led to dehydration and a kidney infection. *Id.* The "worm" was actually a piece of candy. *Id.* ¶3. The plaintiff's vomiting and illness was due to a psychological reaction. *Id.* The trial court granted summary judgment to the defendant based on cases standing for the rule "[n]o recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of some physical suffering or injury, to the person enduring the mental anguish." *Ellington*, 1986 OK 11, ¶8. The Oklahoma Supreme Court parsed the rule and explained, "[n]one of these cases deny recovery to persons suffering mental anguish which causes physical harm to the person

9

enduring the mental suffering, where the negligence or breach of duty acted upon the plaintiff." *Id.*

> Reading the rule and assigning the ordinary and usual meaning to the words used therein, **the rule requires a connection only and does not require the physical injury to precede the mental anguish.** . . . Upon proper proof, the plaintiff may recover for mental anguish where it is caused by physical suffering and **may also recover for mental anguish which inflicts physical suffering.** Thus, here the fact that plaintiff's physical injury was induced by the emotional shock of finding the foreign substance in her drink is not fatal to her recovery—the mental pain and anguish was connected with physical suffering and injury as required in the jurisdiction since *Keiffler*, supra.

*Id.* ¶8 (emphasis added). In a similar case, *Brady v. Criswell Funeral Home, Inc.*, 1996 OK CIV APP 1, 916 P.2d 269, the plaintiff sued a funeral home for negligence and negligent infliction of emotional distress after her mother's body was cremated without her consent. *See id.* ¶4. The funeral home sought summary judgment based on the plaintiff's failure to allege contemporaneous physical injury. *Id.* ¶5. The Court of Civil Appeals determined:

> Appellee's second ground for summary judgment was, absent a physical "injury", Appellant could not recover damages for mental anguish in a negligence case. Appellant's affidavit describes her damages caused by the shock of learning that her mother's body was cremated. She states that she experienced "feelings of acute distress, panic, fear, shock, physical pain and nausea." Because there is at least minimal evidence of physical symptoms, the lack of recoverable damages cannot be the basis for summary judgment. Although a plaintiff may not recover for mental anguish alone in a negligence case, if there is some physical suffering connected therewith, the mental anguish may be recovered for. *Ellington v. Coca Cola Bottling Co. of Tulsa*, 717 P.2d 109 (Okla.1986). Because there was evidence of physical suffering that accompanied the

mental suffering, the physical and mental pain and suffering are both recoverable items of damage.

*Brady*, 1996 OK CIV APP 1, ¶13.

¶11 Plaintiffs allege in their Amended Complaint that "they experience emotional distress **accompanied by physical symptoms as a result**." This is sufficient to state a claim for negligence and seek damages for negligent infliction of emotional distress.[3] The part of the trial court's order dismissing Plaintiffs' claims for negligence, gross negligence, and negligent infliction of emotional distress is reversed and remanded for further proceedings on these claims.

## TRESPASS

¶12 Trespass is the actual physical invasion of the property of another without permission. *See Fairlawn Cemetery Ass'n v. Presbyterian Church, U.S.A. of Okla. City*, 1972 OK 66, ¶14, 496 P.2d 1185; *Vertex Holdings, LLC v. Cranke*, 2009 OK CIV APP 10, ¶15, 217 P.3d 120. Defendants contend Cesium 137 radiation contamination is an intangible intrusion, and Plaintiffs assert it is tangible. The Oklahoma Supreme Court has not yet determined whether radiation contamination that cannot be detected by the human senses is a tangible or intangible intrusion. Whether plaintiffs can only

---

[3] The Oklahoma Supreme Court has explained that negligent infliction of emotional distress is not an independent tort but is in effect the tort of negligence. *See Lockhart v. Loosen*, 1997 OK 103, ¶16, 943 P.2d 1074. One cannot maintain a claim for negligent infliction of emotional distress separate from negligence. *Id.* Before damages for emotional distress can be awarded, a plaintiff must establish the traditional elements of negligence. *See Ridings v. Maze*, 2018 OK 18, ¶6, 414 P.3d 835 (citing *Kraszewski v. Baptist Med. Ctr. of Okla. Inc.*, 1996 OK 141, ¶1, n.1, 916 P.2d 241).

pursue an intangible trespass theory, given the nature of the contamination at issue, has been treated as a question of law and reviewed *de novo* by other courts. *See Cook v. Rockwell Int'l. Corp.*, 618 F.3d 1127, 1147 (10th Cir. 2010).

¶13  In *Beal v. Western Farmers Elec. Coop.*, 2010 OK CIV APP 6, 228 P.3d 538, the Court of Civil Appeals explained to recover in trespass for an intangible intrusion, a plaintiff must show **substantial damage to the property.**[4]  *See id.* ¶7 (citing 75 Am.Jur.2d Trespass §7 (2009)).  The *Beal* court determined stray electricity and radiation from the emission of an Electro Magnetic Field (EMF) are intangible intrusions and affirmed the trial court's dismissal for failure to state a claim for trespass. *Id.* ¶7.

¶14  We find that Cesium 137 radiation, like noise, odor, light, and EMF radiation, is an intangible intrusion.  As a result, Cesium 137 radiation contamination is only actionable as trespass if it caused substantial damage to Plaintiffs' property. Plaintiffs have not alleged property damage. In their Amended Complaint, rather than alleging "property damages," Plaintiffs allege some of them have experienced radiation contamination of their property. Therefore, Plaintiffs have failed to state a claim upon which relief may be granted.  The part of the trial court's order dismissing Plaintiffs' trespass claims is affirmed.

---

[4] Actual damages are not required for traditional (tangible) trespass. However, if a plaintiff does not prove actual damages, he or she will not be entitled to recover more than nominal damages. *See Reed v. Voss*, 1923 OK 158, ¶8, 213 P. 730.

## NUISANCE

¶15  In *Beal*, the Court of Civil Appeals noted that intangible intrusions or invasions without damage are generally treated as nuisance, not trespass. *See Beal*, 2010 OK CIV APP 6, ¶7.

> Nuisance, as defined at 50 O.S. 1981 § 1, consists in unlawfully doing an act, or omitting to perform a duty, which act or omission annoys, injures, or endangers the comfort, repose, health or safety of others; or, in any way renders other persons insecure in life, or in the use of property. Thus, the term "nuisance" signifies in law such a use of property or such a course of conduct irrespective of actual trespass against others, or of malicious or actual criminal intent, which transgresses the just restrictions upon use or conduct which the proximity of other persons or property imposes. It is a class of wrongs which arises from an unreasonable, unwarranted, or unlawful use by a person or entity of property lawfully possessed, but which works an obstruction or injury to the right of another. "Damage" or "injury", as ordinarily used in nuisance cases is the *result* of the nuisance and permanent, as well as temporary damages, may be recovered for the maintenance of a temporary nuisance.

*Briscoe v. Harper Oil Co.*, 1985 OK 43, ¶9, 702 P.2d 33 (citation omitted) (emphasis original).[5]

---

[5] The Oklahoma Supreme Court has explained:

> The statutory definition of nuisance – in 50 O.S.1991 §§ 1 et seq. – encompasses the common law's *private and public* nuisance concepts. It abrogates neither action. *Common-law nuisance* – a field of tort-like liability which allows recovery of damages for wrongful interference with the use or enjoyment of rights or interests in land– *affords the means of recovery for damage incidental to the land possessor's person or chattel.*

*Nichols v. Mid-Continent Pipe Line Co.*, 1996 OK 118, ¶8, 933 P.2d 272 (footnotes omitted) (emphasis original).

13

¶16  Read liberally, the pleadings sufficiently state a claim for nuisance. Plaintiffs allege Defendants spilled Cesium 137, a radioactive substance, on the University of Tulsa's North Campus. Neighbors of the campus allege that the spill contaminated their property. Furthermore, Plaintiffs assert that exposure to the radioactive substance increases their risk of cancer and has caused emotional distress. Taking all of Plaintiffs' allegations as true, relief may be possible. They may be able to prove the spill and radiation contamination resulted in substantial interference with the use and enjoyment of their property; endangering their comfort, repose, health, or safety; and/or rendering them insecure in life or in the use of their property.[6] See 50 O.S.2011 §1; *Laubenstein v. Bode Tower, LLC*, 2016 OK 118, ¶12, 392 P.3d 706 ("Our jurisprudence demands evidence of substantial interference with the use and enjoyment of property."). The part of the trial court's order dismissing Plaintiffs' nuisance claim is reversed and remanded for further proceedings.

## OTHER ISSUES

¶17  The order on appeal does not explicitly address the spouses' derivative loss of consortium claims, the TU employees' intentional tort claims against their employer, whether the Administrative Workers' Compensation Act (AWCA) is the TU employees' exclusive remedy, and whether the AWCA is the TU employees' spouses' exclusive

---

[6] We note that, ultimately, Plaintiffs may be required to prove the spill either physically injured their property or rendered their homes uninhabitable to prevail on this claim. See *Laubenstein v. Bode Tower, LLC*, 2016 OK 118, ¶12, 392 P.3d 706.

14

remedy. We will not address these issues on appeal. "This Court does not make first-instance determinations of disputed issues of either law or fact in the exercise of its appellate jurisdiction." *In re Guardianship of Stanfield*, 2012 OK 8, ¶27, 276 P.3d 989. These issues should be addressed on remand.

¶18   AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

GOREE, V.C.J., and SWINTON, P.J., concur.