# Exhibit 5

```
 1            IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
                           STATE OF OKLAHOMA
 2
    JONATHON CRUZ, et al.              )
 3          Plaintiffs,                )
    v.                                 )
 4  JOHNSON MATHEY, INC.,              )
    UNIVERSITY OF TULSA,               )
 5  CHEVRON USA INC.,                  ) Case No. CJ-2016-3711
    CHASE ENVIRONMENTAL GROUP, INC.,   )
 6  and                                )
    CHINA INSTITUTE OF ATOMIC          )
 7  ENERGY,                            )
            Defendants.                )
 8
                              * * * * *
 9
                   TRANSCRIPT OF MOTION HEARING
10
                             HAD ON THE
11
                    23RD DAY OF FEBRUARY, 2022
12
           BEFORE THE HONORABLE WILLIAM D. LAFORTUNE
13
                      TULSA COUNTY, OKLAHOMA
14
                              * * * * *
15  APPEARANCES:

16  FOR THE PLAINTIFFS:
         MR. PATRICK CARR, Attorney-at-Law
17       CARR & CARR
         4416 South Harvard Avenue
18       Tulsa, Oklahoma 74135

19       MR. PATRICK WANDRES, Attorney-at-Law
         WANDRES LAW, PC
20       1202 East 33rd Street
         Tulsa, Oklahoma 74105
21
    FOR THE DEFENDANT JOHNSON MATHEY, INC.:
22       MR. MICHAEL LINSCOTT, Attorney-at-Law
         DOERNER SAUNDERS DANIELS & ANDERSON
23       Two West Second Street, Suite 700
         Tulsa, Oklahoma 74103
24

25  Reported By: Samantha S. Brown, CSR
```

(COPY)

```
 1  APPEARANCES CONTINUED:

 2  FOR THE DEFENDANT UNIVERSITY OF TULSA:
         MR. RYAN RAY, Attorney-at-Law
 3       NORMAN WOHLEGEMUTH
         401 South Boston Avenue, Suite 2900
 4       Tulsa, Oklahoma 74103

 5  FOR THE DEFENDANT CHEVRON USA, INC.:
         MS. MARY QUINN COOPER, Attorney-at-Law
 6       McAFEE & TAFT
         Two West Second Street, Suite 1100
 7       Tulsa, Oklahoma 74103

 8  FOR THE DEFENDANT CHASE ENVIRONMENTAL GROUP, INC.:
         MR. MARK HARDIN, Attorney-at-Law
 9       PIERCE COUCH
         907 South Detroit Avenue, Suite 815
10       Tulsa, Oklahoma 74120

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                So, with that, it is the Plaintiffs's motion to
2   reconsider on the substantive part.  So I've already
3   granted it as to the Court's error.  I'm glad to hear from
4   you about why you think the motion to reconsider -- I mean
5   why the Court's order was incorrect or in error as to the
6   application of the Workers' Compensation Act exemption.
7                MR. WANDRES:  Thank you, Your Honor.  I won't
8   rehash all the issues we've gone through with our original
9   motions, but I just did want to, of course, reassert our
10  contention that we don't believe the exclusive remedy
11  should apply in this matter.  Of course, this was argued
12  extensively well over a year ago in front of the Court.
13               But based on the *Jordan vs. Western Farmers*
14  *Electric* case, which was cited in our motion to
15  reconsider, which followed the *Price* case, points out that
16  *Price v. Howard* flowed from the summary judgment standard.
17  In here, we're dealing with a motion to dismiss standard,
18  and just like it is here in our case, there's no question
19  of fact that was at issue in that case.
20               So we believe here, just in respect to the facts
21  that we have as it stands today, that we'll be able to
22  prove that T.U. knowingly, deliberately and then thereby
23  intentionally persisted in a pattern of dangerous
24  practices to a level that would rise to the conduct of
25  being intentional.  So, of course, we have not conducted

```
 1  any discovery in this matter just as it stands today.
 2          So, again, don't want to rehash the issues that
 3  we argued extensively --
 4          THE COURT:  Right.
 5          MR. WANDRES:  -- back in November of 2020, but we
 6  do believe that the exclusive remedy doctrine should not
 7  apply in this matter.
 8          THE COURT:  Thank you very much, Mr. Wandres.
 9          Mr. Ray, this is your -- really your issue.
10          MR. RAY:  Your Honor, would you prefer me be
11  here --
12          THE COURT:  Wherever --
13          MR. RAY:  -- or over there?
14          THE COURT:  -- wherever you're comfortable is
15  fine.
16          MR. RAY:  This is fine if it's fine with Your
17  Honor.
18          THE COURT:  Absolutely.
19          MR. RAY:  Here's what I would say, Judge.  To
20  justify a motion to reconsider, understanding the Court's
21  recognizing it over our procedural objection, the case
22  that does allow it says it's got to be clear error, which
23  means so grave that it's indisputable.  Your Honor, we
24  don't think that the decision was any kind of error, but
25  it certainly isn't clear error.
```

1          Now, we heard Mr. Wandres, Your Honor, talk about
2   that this isn't a dismissal.  Here's what I want to point
3   out to Your Honor.  The Supreme Court's *Wells* case that
4   Your Honor cited said *Parret* is the standard.  When we
5   look at *Parret* itself, *Parret* says -- this is a quote from
6   paragraph 11 -- that a employee plaintiff, quote, must
7   allege facts which plausibly demonstrate that the conduct
8   was intentional.
9          That's the standard that our Supreme Court says,
10  when we're looking at a petition -- and, Your Honor,
11  here's what it matters when we're talking about the grand
12  bargain, as our Courts have said in the context of
13  workers' compensation.  So it makes imminent sense that,
14  to get around that which has been constitutionally and
15  statutorily enshrined for decades, that there's got to be
16  something more than just a mere invocation of this
17  standard.  That's what we see there in *Parret*.
18         Now, Your Honor, what we see in these other
19  cases, all of them that the Plaintiffs have -- have cited,
20  is we see situations where there was the exact same type
21  of conduct that had persisted over an extended period of
22  time, and there were citations for the exact same
23  situation.  *Wells* is a decent example.  They were cited
24  for failure to use fall protection and the guy fell off
25  the very same roof they were cited on.

```
 1              We had similar types of situations in all of
 2   these other cases.  I believe in Parret it was, hey,
 3   everybody at the company knows you're going to
 4   electrocuted if you go up there.  Hey, we're sending him
 5   anyway.  Well, that's -- that's fundamentally different
 6   here, Your Honor.
 7              We have the Plaintiffs invoking these citations
 8   that they themselves say, hey, it relates to the
 9   documentation.  I think there was some things about
10   storage.  There's no allegation that it was the same, that
11   we had a third party on the university's premises
12   releasing a radioactive substance.  That's not there.
13   They haven't alleged that.
14              They can't allege that, and so, therefore, Your
15   Honor, these cases, Jordan, Wells, Parret, they just don't
16   apply to this type of situation.  Under the Parret
17   standard, there is a pleading burden that has existed for
18   a number of years, reaffirmed in Wells, and they haven't
19   met it.  So the Court's decision wasn't clear error,
20   wasn't any kind of error.
21              It was exactly correct.  And, again, a number of
22   these cases are on dismissal motions, and there is that
23   pleading burden articulated in Parret.  So the Court's
24   decision was correct and there certainly is not a ground
25   to reconsider it under the governing standard.
```

```
 1              THE COURT:  Thank you, Mr. Ray.  I understand
 2  both sides' arguments on the motion to reconsider.
 3              I think what you're saying, Mr. Wandres, is,
 4  Judge, on the very broad or very lenient -- if that's the
 5  right word -- standard for motions to dismiss and the
 6  rules that are applicable to the motions to dismiss, that
 7  it's premature to be dismissing the case, even under the
 8  workers' comp exemption.  And then I understand from
 9  Mr. Ray's argument, obviously, what he articulated just
10  now.
11              I'm going to deny the motion to reconsider,
12  though.  The Court worked very hard on that decision, read
13  all those cases that were cited and argued by the parties
14  very thoroughly, and got into the weeds of those cases and
15  the facts of those cases, the ones I cited in my order.  I
16  went back through my order last night and looked at it, so
17  I feel comfortable with it.
18              Mr. Ray, you can draft the order in relation to
19  the denial of the motion to reconsider on this issue.
20              MR. RAY:  I will.  I will, Your Honor.  I just
21  intend to stay consistent with what the Court stated on
22  the record, since we have a reporter here.
23              THE COURT:  Okay.  Excellent.
24              We still have the issue that they brought up in
25  their response, which, Judge, you didn't do the Lone Pine
```

```
 1                    C E R T I F I C A T E

 2
     STATE OF OKLAHOMA   )
 3                       ) ss:
     COUNTY OF TULSA     )
 4

 5
         I, Samantha S. Brown, Certified Shorthand Reporter
 6
     within and for the State of Oklahoma, CSR No. 2029, do
 7
     hereby certify that the foregoing is a true and correct
 8
     transcription of my shorthand notes of proceedings had in
 9
     Case No. CJ-2016-3711, held on the 23rd day of February,
10
     2022, before the Honorable William D. LaFortune.
11
         I further certify that I am not related to nor
12
     attorney for either of said parties nor otherwise
13
     interested in the event of said action.
14
         WITNESS MY HAND, this  20  day of July, 2022.
15
                              [signature]
16                           _____
                             Samantha S. Brown, CSR
17                           Oklahoma Certified Shorthand Reporter
                             Certificate No. 2029
18                           Expiration Date:  December 31, 2022
```